UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| UNITED STATES OF AMERICA | CRIMINAL NO. 17-cr-00047 |
|---|---|
| VERSUS | JUDGE HICKS |
| XAVIER MARTIN GUERRA | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Defendant, Xavier Martin Guerra, is charged with possession of methamphetamine with intent to distribute and possession of a firearm in furtherance of drug trafficking. Before the court is Defendant's Motion to Suppress. Doc. 21. The motion challenges the validity of a tracking warrant authorized by a state court judge. For the reasons that follow, it is recommended that Defendant's motion be denied.

**Factual Background**

The parties agreed that an evidentiary hearing was not required to resolve Defendant's Motion to Suppress. As set forth in the briefs, the following background facts are undisputed.

Rick Anderson is a Caddo Parish sheriff's deputy and a member of the Shreveport DEA task force. Anderson was investigating the drug distribution activities of Defendant, Steven McLendon, Leslie Bates, and Anthony Armenio. Based on information from a confidential cooperating source, as well as information obtained from Anthony Armenio,

Anderson knew that Defendant drove his red Cadillac SUV to Dallas to obtain methamphetamine for distribution in the Shreveport/Bossier area. To further the investigation and try to identify the source, Anderson obtained a state court search warrant to install a tracking device on Defendant's vehicle.

A few days after installation of the tracking device, the device indicated that Defendant's vehicle was located in the Dallas, Texas area. When Defendant crossed the state line from Texas into Louisiana, a Caddo Parish K-9 deputy began to follow Defendant's vehicle. During a traffic stop for speeding and crossing over the fog line, the deputy smelled an odor of marijuana coming from the vehicle. The deputy also discovered an active warrant for Defendant.

Defendant was arrested on the outstanding warrant and placed in the deputy's patrol car. The deputy ran her K-9 around the vehicle, and the K-9 made a positive alert for the presence of drugs. A subsequent search revealed a large quantity of methamphetamine and a firearm in the vehicle. Post Miranda, Defendant stated that all of the methamphetamine and the handgun belonged to him.

**Defendant's Motion**

Defendant asserts three arguments in support of his attack on the state court warrant: First, a state court judge issued the tracking warrant in violation of Federal Rule of Criminal Procedure 41(b)(1). Second, no judge was designated in the warrant for purposes of making a return. Finally, the warrant is invalid because it is not supported by probable cause. None of the arguments has merit.

**Law and Analysis**

    **Violation of Rule 41**

Rule 41 authorizes federal judges to sign warrants based on probable cause regarding violations of federal law. If a federal judge is not reasonably available, a state court judge may issue the warrant. However, nothing in Rule 41 prohibits a state police officer from obtaining a warrant for a state law violation from a state court judge.

Anderson is an employee of the Caddo Parish Sheriff's Office. Because of his dual role as a deputy and a DEA task force officer, he had two options he could pursue when seeking the warrant. Anderson could have applied for a search warrant from a state court judge for violations of state law—which he did—or he could have applied to a federal court for violations of federal law. To state the obvious, possessing and distributing methamphetamine are violations of both state and federal law. Therefore, in Anderson's dual capacity as a deputy and a task force officer, he could apply for either a state or a federal warrant.

The choice of obtaining the warrant in state court based on violations of state law does not render the warrant invalid simply because the evidence discovered may be later used in a federal case. From a practical standpoint, during the early stages of a drug investigation, it is difficult to know whether a case will be a state case or a federal case. Here, there is no indication whatsoever that Anderson manipulated the state court or was trying to avoid presenting the warrant to a federal judge. It is worth noting that Anderson has presented numerous warrants to this court over the years.

**Designation of a Magistrate Judge**

Federal Rule of Criminal Procedure 41(e)(C)(iii) provides that a warrant for a tracking device must be returned to the judge designated in the warrant. Defendant argues that the state court warrant is invalid because no judge is designated in the warrant for its return. Defendant cites no authority for the proposition that Rule 41(e)(C)(iii) applies to state court tracking warrants. Indeed, it is clear that Rule 41 only applies to warrants issued at the request of a federal officer. United States v. McKeever, 905 F.2d 829, 833 (5th Cir. 1990); United States v. Strahan, 2007 WL 2088610 (W.D. La.)(Hicks, J.)("Such is the rule even if federal officers may have participated in the search [executed pursuant to the state search warrant] and the evidence obtained from the search was offered in a federal prosecution."). This was a state court tracking warrant issued in connection with the investigation of a violation of state law. Rule 41(e)(C)(iii) does not apply.

**No Probable Cause**

Defendant argues that the affidavit in support of the state search warrant lacked probable cause. In his affidavit, Anderson explained that a very reliable Caddo Parish Sheriff's Office cooperating source, who had assisted in many narcotics related investigations and arrests of drug dealers, was able to infiltrate the methamphetamine distribution organization operated by Defendant. The affidavit stated that the cooperating source provided information concerning multi-pound quantities of methamphetamine distributed by Defendant in the Shreveport/Bossier City area.

The affidavit also explained that the cooperating source demonstrated firsthand knowledge of Leslie Bates' involvement in distributing methamphetamine. The cooperating source was able to obtain information concerning Defendant's drug operation directly from Bates. The cooperating source told Anderson that Defendant drove a red 2006 Cadillac SUV with a Texas license plate number of JBV7724. Anderson confirmed that the vehicle was registered to Defendant.

Anderson's affidavit in support of the warrant also stated that Steven McLendon and Antonio Armenio were recently arrested by Louisiana State Police pursuant to a traffic stop in which the officers seized 215 grams of methamphetamine and a firearm. Following that stop, Armenio provided information concerning Defendant. Armenio confirmed that Defendant drove a red Cadillac SUV and traveled to the Dallas, Texas area to obtain methamphetamine.

Whether probable cause exists requires a practical, common sense determination of whether the circumstances, including information obtained from informants, establish that there is a fair probability that contraband or evidence of a crime will be found in a particular place. United States v. Steele, 353 Fed. Appx. 908 (5th Cir. 2009). Anderson's warrant application meets the common sense standard. Anderson's affidavit outlined two separate sources for information that Defendant drove his red Cadillac SUV to Dallas to obtain methamphetamine for resale in the Shreveport/Bossier City area. The first was a cooperating source who had assisted in many drug investigations and who had knowledge of Leslie Bates (erroneously referred to as "Yates" in the warrant application), an alleged member of

Defendant's drug organization. The affidavit was also based on information provided by Anthony Armenio after he and Steven McLendon were arrested and found in possession of a large quantity of methamphetamine. The information set forth in the affidavit was specific, reliable, and timely concerning the basis for a tracking warrant. It was more than adequate to satisfy the probable cause standard.

**Conclusion**

There is no basis to invalidate the state court warrant for the tracking device placed on Defendant's car. Anderson is a Caddo Parish sheriff's deputy and is authorized to obtain state court warrants from state court judges for violations of state law. The fact that the evidence obtained is later used in a federal criminal case does not invalidate the warrant due to any noncompliance with the technical requirements of Rule 41. The warrant was supported by ample probable cause, and was it properly issued by the state court judge.

Accordingly,

**IT IS RECOMMENDED** that Defendant's Motion to Suppress (Doc. 21) be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 45(b). A party may respond to

another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

Shreveport, Louisiana, this 24th day of May, 2017.

Mark L. Hornsby
U.S. Magistrate Judge