**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 17-0047

VERSUS                                                        JUDGE DONALD E. WALTER

XAVIER MARTIN GUERRA                         MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Before the Court is a motion for compassionate release filed pro se by the defendant, Xavier Martin Guerra ("Guerra"). See Record Document 97. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Guerra. The Government opposes Guerra's motion. See Record Document 103. Based on the following, the motion for release is **DENIED**.

Guerra was charged in a two-count indictment with possession with intent to distribute 50 grams or more of methamphetamine and possession of a firearm in furtherance of drug trafficking. See Record Document 24. Guerra pled guilty to possession of methamphetamine with intent to distribute. On April 27, 2018, Guerra was sentenced to 120 months of imprisonment. Guerra is currently housed at FCI Beaumont Low and he has a projected release date of August 2025.

On March 15, 2021, Guerra filed a motion seeking compassionate release[1] based on his assertion that his asthma and body mass index of greater than 25% make him particularly susceptible to becoming seriously ill if he contracted COVID-19. Record Document 97. The Government concedes that Guerra has exhausted his administrative remedies. See Record Document 103 at 2-3; see also 18 U.S.C. § 3582(c)(1)(A) (Under this section, the Court has the

---

[1] Specifically, Guerra requested "not for time served but instead for the remainder of his sentence to be added to his supervised release and to be placed on gps electronical [sic] monitoring to meet § 3553(a) sentencing factors." Record Document 97 at 12.

authority to reduce a defendant's sentence "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. . . .").

The Government maintains that Guerra's motion fails on the merits. See Record Document 171. The Government contends that Guerra has not established an "extraordinary and compelling reason" for release as the term is defined in Section 3582(c)(1)(A). Although Guerra asserts that he is entitled to compassionate release based on his conditions of asthma and obesity[2], his medical records reveal that he has received one dose of the COVID-19 vaccine.[3] The Government further contends that the factors contained in 18 U.S.C. § 3553(a) weigh against Guerra's release. See Record Document 103.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S. Ct. 2683, 2690 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except: (1) upon a motion for reduction in sentence

---

[2] Obesity is a COVID-19 confirmed risk factor recognized by the Centers for Disease Control ("CDC") ("Adults of any age with the following conditions **are at an increased risk** of severe illness from the virus that causes COVID-19: . . . Obesity (body mass index [BMI] of 30Kg/m or higher but < 40kg/m)"). https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).

[3] The Court can only hope that Guerra has since received the second dose of the vaccine. However, even if he chose to refuse the dose, it would not alter the ultimate result, as courts have denied compassionate release where the inmate refused the COVID-19 vaccine. See United States v. King, No. 16-478-11, 2021 WL 736422, at *2 (S.D.N.Y. Feb. 24, 2021) ("In declining vaccination[, Defendant] declined the opportunity to reduce his risk [of] exposure to COVID-19 dramatically; he cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction.") (quoting United States v. Lohmeier, No. 12-1005, 2021 WL 3657733, at *2 (N.D. Ill. Feb. 3, 2021)); United States v. McBride, No. 19-7, 2021 WL 354129 (W.D. N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison.").

under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody.  See U.S.S.G. § 1B1.13.[4]  However, the Fifth Circuit Court of Appeals recently held that this policy statement does not bind a district court in considering a motion filed by a defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), as opposed to a motion filed by the Director of the Bureau of Prisons.  See United States v. Shkambi, 993 F.3d 388, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021). The Shkambi court concluded that "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id.  The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See

---

[4] The Sentencing Commission's policy statement regarding compassionate release provides, in pertinent part, that the court may reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons. . . " if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court determines that--

> (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
>
> (2)  The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)  The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.  The application notes to this statement then delineate examples of extraordinary and compelling reasons pursuant to this section.

United States v. Ennis, No. 02-1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The BOP is in the process of administering the COVID-19 vaccine to inmates and staff. To date, the BOP has administered approximately 196,187 doses of the vaccine. See www.bop.gov/coronavirus (last updated 6/22/21). In fact, medical records reveal that Guerra received a dose of the COVID-19 vaccine on February 23, 2021. See Record Document 103, Ex. 1. In the Fifth Circuit, courts have denied early release to inmates with a variety of medical conditions who, like Guerra, have been vaccinated for COVID-19. See United States v. Parham, No. 19-133, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021); United States v. Schad, 17-225-3, 2021 WL 1845548, at *4 (S.D. Tex. May 5, 2021); United States v. Leavell, No. 07-202, 2021 WL 1517912, at *3 (E.D. La. April 16, 2021); United States v. Moore, No. 7-60, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021). In light of this, Guerra has failed to establish that extraordinary and compelling reasons exist to release him from prison.

The Court has also looked at the presence of COVID-19 at FCI Beaumont Low. There are zero inmates and one staff member who are currently testing positive out of 1,987 total inmates.[5] http://www.bop.gov/coronavirus (last updated 6/21/2021). Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its

---

[5] One inmate died from the virus. No staff died from the virus. However, there are 1,094 inmates and 27 staff who have recovered from the virus. www.bop.gov/coronavirus (last updated 6/21/21).

extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). See, e.g., United States v. Clark, 451 F.Supp.3d 651, 657 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .") (quoting United States v. Eberhart, 448 F.Supp.3d 1086 (N.D. Cal. Mar. 25, 2020)). Guerra has not shown that inmates are currently not receiving adequate medical attention if they contract the virus. Additionally, Guerra has not shown that the BOP is currently unable to adequately manage the COVID situation. This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[6] Considering that Guerra has received a COVID vaccination and the low number of cases at FCI Beaumont Low, he has failed to establish the existence of sufficient reasons based on his medical conditions or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to warrant relief. Therefore, the Court finds that Guerra has not met his burden.

Even assuming that Guerra had identified extraordinary and compelling reasons, he is still not entitled to relief under the factors contained in 18 U.S.C. § 3582 and the sentencing factors set forth in 18 U.S.C. § 3553(a). Section 3553(a), which sets forth the factors to consider in imposing sentence, requires the Court to consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentencing imposed (A) to

---

[6] Even if the Court construed Guerra's request as one for release to home confinement, it would also be **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, 454 F.Supp.3d 1113, 1118 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; and (C) to protect the public from further crimes of the defendant.  See 18 U.S.C. § 3553(a).

The Court finds that Guerra has not demonstrated that he qualifies for compassionate release under these guidelines.  First, as previously mentioned, Guerra was sentenced in this Court for possession with intent to distribute 50 grams or more of methamphetamine and possession of a firearm in furtherance of drug trafficking.  During the traffic stop which led to these charges, officers located over 300 grams of methamphetamine and a firearm, in addition to three smaller baggies of methamphetamine, pills, a drug scale, a drug ledger, and $4,435.00 in currency.  Guerra also previously pled guilty to possession of drug paraphernalia, after having originally been charged with monetary instrument abuse, possession of a Schedule II CDS and possession of drug paraphernalia.  He has served less than half of his current sentence.  In light of these, and other facts, to reduce Guerra's sentence would not reflect the seriousness of the offense, promote respect for the law or afford an adequate deterrence to criminal conduct.  Accordingly, the Section 3553(a) factors weigh against reducing Guerra's sentence.

The Court shares Guerra's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or furlough is appropriate, under the standards issued by the CDC for persons at heightened risk.  The BOP currently has 7,181 inmates on home confinement and the total number of inmates placed in

home confinement from March 26, 2020 to the present (including inmates who have completed service of their sentence) is 27,049. https://www.bop.gov/coronavirus/ (last updated 6/21/2021).

For the foregoing reasons, **IT IS ORDERED** that Guerra's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of June, 2021.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE